THE STATE, EX REL. WINZELER EXCAVATING COMPANY, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State, ex rel. Winzeler Excavating Co.,*
*v. Indus. Comm.* (1992), 63 Ohio St.3d 290.]

(No. 90–1320—Submitted November 5, 1991—Decided March 18, 1992.)

*Millisor & Nobil, Roger L. Sabo, John R. Slater* and *Michael L. Fortney,* for appellant.

*Lee I. Fisher,* Attorney General, and *Michael L. Squillace,* for appellee.

*Per Curiam.* Two issues are presented: (1) Are Ohio employers subject to extraterritorial application of Ohio's specific safety requirements when using their employees to perform work in another state? and (2) If so, is there "some evidence" supporting the commission's VSSR determination? We answer both questions in the affirmative.

Extraterritorial application of Ohio's specific safety requirements below was apparently based on *State, ex rel. Bailey, v. Krise* (1969), 18 Ohio St.2d 191, 47 O.O.2d 432, 249 N.E.2d 55. Appellant claims that the existence of Indiana workplace safety rules negates *Bailey's* applicability here. We disagree.

Bailey was injured at the Iowa job site of his Ohio employer. After an Ohio workers' compensation claim was allowed, Bailey sought VSSR compensation. His employer challenged specific safety requirement applicability, arguing that Ohio regulations did not apply to out-of-state injuries. We disagreed, holding at paragraph one of the syllabus:

"In the absence of a showing that an Ohio specific safety requirement of the Industrial Commission involves an Ohio employer, maintaining a place of employment in a foreign state, *in a position of irreconcilable conflict with a*

*specific safety requirement of that foreign state applicable to that place of employment,* the words 'every employment and place of employment' in Section 4121.13, Revised Code, will be given extraterritorial effect as to such employer who is amenable to the Workmen's Compensation Act (Section 4123.01 *et seq.,* Revised Code)." (Emphasis added.)

We reasoned that constitutionally:

" * * * Nothing in the language of Section 35 of Article II of the Constitution limits compensation to injuries incurred within the state. Nor is the language of Section 35 imposing the added award, payable when the injury is caused by the failure to comply with a specific safety requirement, so limited." *Id.* at 195, 47 O.O.2d at 434, 249 N.E.2d at 58.

Statutorily, we also observed:

"Section 4121.13, Revised Code, commands the Industrial Commission to prescribe means and methods of protecting the safety of 'employees of *every* employment and *place of employment.*' This language is not limited to places of employment located within Ohio. To the degree that it is applicable to places of employment without Ohio, it does not purport to extend extraterritorial effect to our Constitution, statutes or safety codes. Rather, its purport is to extend extraterritorial *protection* to employment relationships in which Ohio has a legitimate interest." (Emphasis *sic.*) *Id.* at 197, 47 O.O.2d at 435, 249 N.E.2d at 59.

Finally, we stressed:

" * * * [T]he state's interest in the employment relationship between an Ohio employer and his employees furnishes an equally valid basis for an employee, as a consequence of that contract of hire, to receive an additional award from the state insurance fund if his extraterritorial injury was caused by his employer's violation of a specific safety requirement. * * * " *Id.* at 193–194, 47 O.O.2d at 433, 249 N.E.2d at 57–58.

The present appellant emphasizes that in *Bailey,* the state where the accident occurred had no workplace safety regulations. Therefore, application of Ohio regulations was appropriate to fill the void. The presence of Indiana safety requirements here, according to appellant, distinguishes *Bailey,* and precludes application of Ohio specific safety requirements. Appellant's argument lacks merit.

*Bailey* contains no language that supports appellant's proposition. To the contrary, the *Bailey* syllabus holds that Ohio specific safety requirements will apply unless they are "in a position of irreconcilable conflict with a specific safety requirement of that foreign state applicable to that place of employment * * *." We also observed in *Bailey:*

"Respondents contend that to so interpret that language is to subject every Ohio employer doing business elsewhere to the risk of adherence to mutually inconsistent and conflicting regulations. Assuredly, Ohio will not sanction performance contrary to the law of the place of performance, but we are not confronted with that situation. The record contains no Iowa law or regulation governing the place of employment in question *and no conflict with Iowa* territorial law is before us. Therefore, we do not reach any federal constitutional question of the denial of full faith and credit to the public acts of Iowa. That issue might have arisen only if a territorial requirement had prescribed conduct which would have prevented compliance with conduct prescribed by Ohio for this employment." (Emphasis added.) *Id.* at 197, 47 O.O.2d at 435, 249 N.E.2d at 59–60.

*Bailey* indicates that Ohio specific safety requirements apply extraterritorially unless the relevant requirement irreconcilably conflicts with an out-of-state safety regulation. In the present case, there is no evidence that the relevant Ohio regulations clashed with any Indiana safety rule.

Appellant claims that it is not inappropriate to locally confine Ohio specific safety requirements, since an Ohio claimant may pursue an intentional tort action against his or her employer for injuries that result from actions that might otherwise give rise to a VSSR. This contention fails for two reasons. First, the availability of a common-law intentional tort remedy is not germane to the issue before the court. Second, appellant's theory assumes that an intentional tort by an employer is a prerequisite to a VSSR finding. This is incorrect. VSSRs often arise from mere employer negligence, thus precluding intentional tort recovery.

Having found that Ohio's specific safety requirements do apply, we must next determine whether the violations cited by the commission are supported by "some evidence." *State, ex rel. Burley, v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 636. Because the commission does not contest the appellate court's disposition of Ohio Adm.Code 4121:1–3–13(C)(2), we focus on the two remaining specific safety requirement violations.

Ohio Adm.Code 4121:1–3–13(E)(1) states:

"The walls and faces of all excavations in which employees are exposed to danger from moving ground shall be guarded by a shoring system, sloping of the ground, or some other equivalent means. * * * "

The affidavit of decedent's co-worker and eyewitness, Willie J. Tisdale, on which the commission specifically relied, stated that there was no angle of repose, shoring or bracing in the excavation trench. This is "some evidence" supporting the decision. Appellant's citation to contrary evidence is immaterial given our refusal to reweigh evidence. *Burley, supra.*

Appellant was also charged with violating Ohio Adm.Code 4121:1-3-13(E)(7), which requires:

"If it is necessary to place or operate power shovels, derricks, trucks, materials or other heavy objects on a level above and near an excavation, the site of the excavation shall be sheet-piled, shored, braced or sloped as necessary to resist the extra pressure due to such superimposed loads."

The Tisdale affidavit indicates that a backhoe was at ground level in the immediate vicinity of the excavation. Again, no angle of repose, shoring or bracing existed. Thus, there was "some evidence" supporting this violation.

Appellant lastly argues that because Indiana's Occupational Safety and Health Administration ("IOSHA") found no safety violations, Ohio is barred from finding otherwise. This argument, too, fails. The IOSHA investigation was based on applicable Indiana law, not Ohio law. IOSHA's conclusions are not binding here.

For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., not participating.